# SUPREME COURT

OF

# ILLINOIS.

## THIRD GRAND DIVISION.

APRIL TERM, 1863.

Elijah C. Babcock *et al.*

*v.*

Seth Smith *et al.*

1. PAROL EVIDENCE—*judgment.* A witness being examined upon his *voir dire*, stated that a certain party had recovered a judgment against him upon a matter which, it was considered, had relation to his interest in the suit in which he was called to testify ; and this was taken as competent proof that such a judgment was obtained.

2. WITNESS—*competency*—*interest.* Trespass against a sheriff and others, for taking and carrying away goods : defense, that the sheriff and his co-defendants seized the goods under an attachment against a third party, who owned the goods, and who had sold them in fraud of the rights of the attaching creditor, and that the plaintiffs had purchased them from the fraudulent vendee, with notice of the fraud. The purchaser from the attachment debtor had obtained a judgment against his vendor, upon his implied warranty of the title to the goods, and this was held to render the attachment debtor incompetent as a witness on behalf of the defendants in the action of trespass, to prove that he sold the goods fraudulently, as his interest would be in favor of the party calling him.

4

WRIT OF ERROR to the Circuit Court of Warren county; the Hon. AARON TYLER, Judge, presiding.

Elijah C. Babcock and John Babcock, partners, under the name of E. C. Babcock & Son, commenced an action of trespass in the Circuit Court against Seth Smith, Alexander G. Kirkpatrick, George D. Crandall, and James McCoy, to recover damages for taking and carrying away certain goods, wares and merchandise. The defendants set up as a defense, that the · goods, etc., described in the declaration were the property of Joel E. Ragland and Robert F. Ragland, partners, under the name of Joel E. Ragland & Bro.; that the defendant Smith was sheriff of Warren county, and the other defendants his assistants; that the defendant Smith had in his hands a writ of attachment, issued from the Circuit Court of Warren county, in favor of Oliver N. Bostwick and others, partners, under the name of Bostwick, Hussey & Co., against the said Ragland & Bro., to make the sum of $538.07, and by virtue thereof the defendant Smith, as sheriff, and the others aiding him, took the property described in the declaration, as the property of Ragland & Bro.; and denied that it belonged to the plaintiffs.

A jury was empanneled to try the issue.

The plaintiffs having proved the taking and carrying away of the goods from their possession by the defendants, the latter introduced evidence in support of their theory of the defense, which was, that Joel E. Ragland and Robert F. Ragland, who were merchants in Monmouth, were largely in debt to various persons, and, among others, to Bostwick, Hussey & Co., in something over five hundred dollars; that being so indebted, and with the view to hinder and delay their creditors, the Raglands sold their entire stock of goods to one Munger, for a quantity of land in Iowa; Munger, at the time, having knowledge of the fraudulent intention of his vendors. It was further insisted by the defendants, that the plaintiffs, Babcock & Son, purchased these goods from Munger with notice of the fraudulent sale to him by the Raglands; and, therefore, that the goods were properly seized as the property

of the Raglands, in the hands of Babcock & Son, by virtue of the writ of attachment sued out by Bostwick, Hussey & Co., against the Raglands.

In support of this proposition, and for the purpose of proving that the sale from Raglands to Munger was fraudulent, the defendants called as a witness, Joel E. Ragland, one of the vendors, and defendant in the attachment, who was sworn on his *voir dire*, and testified as follows:

"That he was a member of the firm of J. E. Ragland & Brother, and the same person who sold the goods to Milton C. Munger, that had been spoken of by the other witnesses; that he had no interest in the event of this suit that he knew of; that if the defendants succeeded, the goods would pay his debt —if not, he would be liable to pay Bostwick, Hussey & Co.; under these circumstances he supposed he would be liable and interested in the event of the suit; that he had never expressly warranted the goods to Munger."

On his cross-examination on his *voir dire*, the witness stated that Munger claimed that he was liable to him on an implied warranty of the goods. That he had so claimed at Chicago, and had obtained judgment against him at Chicago, on such implied warranty, and consequently could not see that he had any interest in the suit going either way.

The plaintiffs objected to the examination of Joel E. Ragland as a witness, on the ground of interest, but the court overruled the objection and allowed him to testify; to which decision the plaintiffs excepted.

The witness, Joel E. Ragland, was then sworn in chief and testified as to his pecuniary embarrassment, the sale to Munger, the object of said sale, and the circumstances under which the same was made.

The trial resulted in a verdict for the defendants below; and a judgment being rendered accordingly, the plaintiffs sued out this writ of error.

Two questions are presented—*First*, whether it was competent to prove by parol that Munger had obtained a judgment against Joel E. Ragland; and *second*, whether the latter had

not such a disqualifying interest in the result of this suit, as to render him incompetent as a witness.

Mr. W. C. GOUDY, for the plaintiffs in error.

Joel E. Ragland was not a competent witness for the defendants, because he was directly interested in the immediate result of the suit in their favor, for the purpose of proving the goods subject to the attachment. *Bland* v. *Ansley*, 5 Bos. & Pul. 331; *Bailey* v. *Foster*, 9 Pick. 139.

He was a competent witness for the plaintiffs, but not for the defendants. *Gardiner* v. *Tubbs*, 21 Wend. 170 ; *Sterling* v. *Ripley*, 3 Chand. (Wis.) 170 ; *Bailey* v. *Foster*, 9 Pick. 139 ; *Smead* v. *Williamson*, 16 B. Mon. 464.

The interest of the witness, when called to prove the fraud and avoid the sale, not being balanced, he is incompetent. *Rea* v. *Smith*, 19 Wend. 293.

The rule is also well settled that the interest must be equal on both sides, and if more uncertain or more remote on one side than the other, he is then incompetent for the party where his interest is most direct. In this case, the interest of Ragland was direct and immediate in favor of the defendants; but on the other side, he was not liable, in any event, to the plaintiffs, and not to Munger, unless he was first compelled to pay the plaintiffs. At least two suits would be required to reach the witness, and he had the benefit of all the intervening contingencies. The interest was not equal, and therefore, he was incompetent. *Radburn* v. *Morris*, 1 Mo. & Payne, 653 ; *Clark* v. *Lucas*, 1 Carr. & Payne, 156; *Phillips* v. *Bridge*, 11 Mass. 242 ; *Beach* v. *Swift*, 2 Conn. 269.

The witness being interested directly and immediately in having the goods used to satisfy the judgment of Bostwick, Hussey & Co., (*Bland* v. *Ansley*, 5 Bos. & Pul. 331 ; *Bailey* v. *Foster*, 9 Pick. 139 ; *Clifton* v. *Bogardus*, 1 Scam. 32; *Warner* v. *Carlton*, 22 Ill. 422;) and there being no equal interest, nor any interest, to oppose it, he was incompetent, and the Circuit Court erred in admitting him to testify.

Babcock et al. *v.* Smith et al.

A. G. KIRKPATRICK, Esq., for the defendants in error.

The testimony of Joel E. Ragland, on his *voir dire*, on cross-examination, shows that Munger claimed that the witness was liable to him, on an implied warranty of the title to the goods, and had in fact already recovered on such warranty in a case in Chicago, and therefore could not see how he had any interest in the case going either way. Is this not the strongest evidence in the world that the witness had no interest either way?

The court has laid down the true rule, as follows :

" If a witness has sold with a warranty, and a warranty of title is always implied in sales of chattels, and a trial results in favor of its liability to the execution, he thereby becomes liable to the vendee for a breach of warranty for the price; whilst if the vendee recovers the property, his liability to pay the execution remains unimpaired. In either event, his liability is the same, and his interest is balanced."

*Warner* v. *Carlton*, 22 Ill. 423, and authority there cited; together with the following: *Muchmore* v. *Jeffers*, 25 Ill. 199.

Mr. CHIEF JUSTICE CATON delivered the opinion of the Court.

The witness, Ragland, stated on his *voir dire*, that Munger, to whom he sold the goods, had obtained judgment against him in Chicago on the implied warranty of title. The plaintiffs' counsel thinks this is not sufficient proof of that fact. If we agreed with him in this, we should probably have to affirm this judgment; but we think this was competent proof that such a judgment was obtained, and it is this which renders the witness interested in favor of the party calling him, and, consequently, incompetent. When Munger obtained a judgment against him on the implied warranty of the title to the goods, then his liability was fixed, and could not be affected by the determination of this or any other cause. It then became his interest to prove that his sale of the goods to Munger was fraudulent, and thus procure the goods to be

applied in satisfaction of the judgment against him. Had not Munger already obtained a judgment against him for the failure of the title to the goods, there would then be his desire to make that title good, and thus save himself from liability on that implied warranty, to countervail his desire to have the goods sold to pay this judgment against him; but now, as all question on that implied warranty is forever settled, there is nothing to balance his interest in favor of the party calling him. The court erred in permitting him to testify.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*